NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIONELL G. MILLER,<br><br>             Plaintiff,<br><br>    v.<br><br>GARY M. LANIGAN et al,<br><br>             Defendants. | Civil Action No. 12-4470 (MAS)<br><br>**OPINION** |

**Shipp**, District Judge:

This matter comes before the Court upon Plaintiff's submission of a 91-page compilation of documents, which included, *inter alia*, Plaintiff's application to proceed in this matter *in forma pauperis*. For the reasons expressed below, Plaintiff will be granted *in forma pauperis* status, and his submission will be dismissed. Such dismissal will be without prejudice, and he will be allowed an opportunity to replead his claims in accordance with the guidance provided herein.

### I.      Background

####    A.      *Miller v. Ricci*

On February 15, 2011, Plaintiff commenced his other currently litigated civil action in this District, *Miller v. Ricci*, 11-0859 (FLW). The Hon. Freda L. Wolfson, U.S.D.J., presiding over that matter, screened Plaintiff's complaint and dismissed some of his claims with prejudice, while allowing the remainder of his claims to proceed. See id. ECF Nos. 5 and 6.

In conjunction with the same, Judge Wolfson: (a) detailed to Plaintiff the standard of review utilized at the *sua sponte* screening stage; (b) explained substantive invalidity of his challenges asserting failure to respond to his grievances; and (c) clarified the substantive tests applicable to failure-to-protect and retaliation claims. *See id.* ECF No. 5. The defendants in *Miller v. Ricci* were duly served.

Immediately thereafter, Plaintiff appealed Judge Wolfson's decision, *see id.* ECF No. 8; his appeal was dismissed as interlocutory. *See id.* ECF No. 18. In response, Plaintiff filed a motion raising additional claims having no relevance to the challenges asserted in his *Miller v. Ricci* pleading. *See id.* ECF No. 24. Judge Wolfson denied that motion. *See id.* ECF No. 29, at 2 ("Plaintiff's Motion asserted a panoply of new claims ensuing from the events which . . . had no transactional relation with the . . . altercation [alleged in the pleading]"). In alternative, "constru[ing] Plaintiff's [m]otion as an amended complaint," *id.* at 4, Judge Wolfson explained to Plaintiff the operations of Rules 18 and 20 and pointed out that Plaintiff could not assert in any pleading, be it an initial complaint or an amended one, clusters of unrelated transactions. *See id.* at 4-7.

**B.**   ***Instant Action***

Plaintiff's instant matter followed. Here, Plaintiff submitted for filing a compilation consisting of 91 pages. (ECF Nos. 1 and 1-1 to 1-4.) Specifically, Plaintiff included:

1. A document containing a caption naming nineteen Defendants, including Commissioner of the Department of Corrections, the warden of Plaintiff's current facility, the administrator of that facility, the assistant warden, numerous correctional officers, and an unidentified John Doe, *see id.* at 1-2;

2. A page stating conclusory allegations lacking any factual predicate, *see id.* at 2-3;[1]

3. His *in forma pauperis* application, *see id.* at 3-8; and

4. Three sets of exhibits replicating Plaintiff's letters to various prison officials and his administrative grievances. *See* ECF Nos. 1-1 to 1-4.

## II. Discussion

Based on Plaintiff's affidavit of indigence and the absence of three qualifying dismissals within the meaning of 28 U.S.C. §1915(g), the Court will grant his application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and will order the Clerk to file Plaintiff's submission.[2] However, the submission will be dismissed without prejudice, for failure to comply with the requirements of Rules 8, 18 and 20.

### A. *Rule 8*

Judge Wolfson already detailed to Plaintiff the requirements of Rule 8, and another reiteration of the same appears superfluous. Therefore, it shall suffice to merely state that the court conducting a *sua sponte* review is obligated to disregard any

---

[1] Plaintiff asserted that his Eighth Amendment rights were violated when, on an unspecified date, he was attacked by an unspecified inmate. From that, Plaintiff concluded, without explaining the basis for his conclusion, that said inmate must have "act[ed] on the behest of [unspecified] correctional staff." Plaintiff also alleged that "his meals [must have been] tampered" with, without clarifying the mode of alleged tampering, the particular meals, the dates when that alleged tampering occurred or the alleged wrongdoers who performed those acts. He also claimed that his First Amendment rights were violated by unspecified acts of unspecified persons committed on unspecified dates. In addition, he alleged that his free exercise rights were violated by taking of his Bible and Qur'an, without clarifying who performed such taking or the circumstances of the alleged taking, or his religious beliefs that prompted his to consider himself a Christian and a Muslim simultaneously, or all other means to worship his Christian-Muslim beliefs allowed to him (besides reading the allegedly taken books). He also stated that some unspecified property of his was taken by unspecified individuals on an unspecified date, and that he was placed in administrative segregation under unspecified circumstances on unspecified date and for an unspecified period of time. (ECF No. 1.)

[2] Granted the content of Plaintiff's series of documents docketed as ECF No. 1, the Court cannot deem that filing an actual complaint. However, in order to exercise its jurisdiction mover this matter, the Court will deem the first fee pages of that set of documents a quasi-complaint so to direct the Clerk's filing of the same.

conclusory allegations proffered in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). For example, the court must ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, "a pleading must indicate 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Imoore v. Gasbarro*, 12-2605, 2012 U.S. Dist. LEXIS 73114, at *16 (D.N.J. May 24, 2012) (citing *Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999), and quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Moreover, the facts suggesting the "mere possibility of misconduct" are insufficient, since they fail to assert a plausible claim showing that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Therefore, in his amended pleading, Plaintiff shall not offer any conclusions that his rights were violated; rather, he shall assert the factual predicate of his claims detailing the circumstances of the transaction(s) at issue, when the transaction(s) took place, who were the particular persons involved in the transaction(s), and the actual acts these persons performed.[3]

### B.   *Rules 18 and 20*

In addition, Plaintiff shall select, among the challenges he wishes to litigate, only those transactions that meet the requirements of Rules 18 and 20, which were already extensively detailed to Plaintiff by Judge Wolfson. Plaintiff's current list of Defendants and the sheer volume of the transactions suggested by his exhibits show that his

---

[3] Plaintiff's 83 pages of exhibits do not cure the deficiencies of his pleading: Plaintiff is expected to state his facts, under oath, and cannot expect the Court to sift through his exhibits and guess the challenges Plaintiff wishes to raise. *See Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006) ("A District courts should not have to read and decipher tomes disguised as pleadings").

challenges violate these Rules. Plaintiff cannot lump all his challenges in a single pleading. *Accord Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 266 (D.N.J. May 13, 2011) ("To put the [span of these challenges] in perspective, it is much like [Plaintiff's] version of Leo Tolstoy's 'War and Peace'") (quoting *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 884, 891 (D. Ariz. 2007)). Rather, he must select a set of transactionally related events that caused his legal injury and assert only those events, and then duly join defendants in accordance with Rule 18.[4]

### C. *Facially Insufficient Claims Shall Not be Reasserted*

Furthermore, Plaintiff shall not re-allege the claims based on failure to respond to his grievances or letters. As Judge Wolfson already explained to him, such claims do not state a challenge of constitutional magnitude. Also, Plaintiff shall not name, as Defendants in this action, those individuals whose sole "involvement" was limited to holding supervisory positions over the persons who actually committed the alleged acts. Supervising officials cannot be held liable for the actions of their subordinates unless the litigant asserts facts showing these supervisors' personal involvement in the alleged wrongs. *See Iqbal*, 556 U.S. 662; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Finally, while Plaintiff might name, as defendants in this matter, the individuals whose names he does not know without conducting discovery, he must define these unidentified defendants with a sufficient degree of precision and state the facts showing how each such defendant was involved in the particular alleged wrongs. *See Favoroso v. New Jersey*, 11-5061, 2012 U.S. Dist. LEXIS 55185, at *17-18 (D.N.J. Apr.

---

[4] Since "[P]laintiff is the 'master of the claim,'" *Miller v. N.J. Dep't of Corr.*, 10-0817, 2012 U.S. Dist. LEXIS 35115, at *7 (D.N.J. Mar. 14, 2012), this Court is not in the position to guess which claims he might wish to litigate from the panoply of transactions suggested by Plaintiff's exhibits.

17, 2012) ("even if the litigant's claims are not based on the doctrine of *respondeat superior*, the litigant still must assert specific facts implicating defendants: personal involvement by a defendant in the alleged wrongs is an indispensable element of a valid legal claim") (citing, *inter alia*, *Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d Cir. 1995), and quoting *Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir. 2010) (the district court "properly dismissed the claims against [those defendants with regard to whom plaintiff] failed to state [factual] allegation").

### III. Conclusion

For the foregoing reasons, Plaintiff will be granted *in forma pauperis* status, and the Clerk will be directed to file his submission. The submission (ECF Nos. 1, 1-1 to 1-3) will be dismissed. Plaintiff will be granted leave to file an amended pleading.

An appropriate Order accompanies this Opinion.

/s/ Michael A. Shipp
**Michael A. Shipp**
United States District Judge

Dated: 4/23/13