UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LIONELL MILLER,

    Plaintiff,

v.

COR. R. FRALEY, et al.,

    Defendants.

Civil Action No. 12-4470 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants Senior Corrections Officer Fraley ("Defendant Fraley") and Senior Corrections Officer McDonough's ("Defendant McDonough") (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 40.) Plaintiff Lionell Miller ("Plaintiff") filed opposition (ECF No. 44), and Defendants replied (ECF No. 45). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.

I. **Background**[1]

   A. **Undisputed Facts**

   1. Plaintiff is an inmate currently housed at East Jersey State Prison in Rahway, New Jersey. (Defs.' Statement of Undisputed Material Facts ("SUMF") ¶ 1, ECF No. 40-3.)

   2. Plaintiff has been incarcerated since January 24, 1997. (*Id.*)

   3. On February 15, 2011, Plaintiff submitted a complaint in an unrelated matter to the United States District Court for the District of New Jersey, which was filed on April 29, 2011. *See* Complaint, *Miller v. Ricci*, No. 11-859 (D.N.J. Feb. 15, 2011). This action was brought against different correctional officers than those in the instant case and was, *inter alia*, based on an alleged assault by those officers in retaliation for Plaintiff's use of the inmate remedy system. *Id.*

   4. It is the policy of the New Jersey Department of Corrections that only one prisoner at a time is permitted on the "tier."[2] (Pl.'s CSUMF[3] ¶ 3, ECF No. 44-1; Defs.' Resp. to Pl.'s CSUMF ¶ 3.)

---

[1] Defendants' Statement of Undisputed Material Facts ("SUMF") sets forth numerous procedural facts and outlines the content of Plaintiff's allegations, but does not allege the substantive truth or falsity of these allegations, which are immaterial for the purposes of deciding the instant Motion for Summary Judgment. (Defs.' SUMF ¶¶ 2-36.) Additionally, with respect to procedural facts material to the determination as to whether Plaintiff exhausted his administrative remedies, the Court finds it unnecessary to outline relevant allegations due to Defendants' concession that Plaintiff exhausted his administrative remedies. (Defs.' Reply Br. 1 n.1, ECF No. 45.) The Court, therefore, does not set forth these allegations.

[2] Defendants' Response to Plaintiff's CSUMF ¶ 3 states: "Objection and denied. Plaintiff's paragraph #2 is in gross deviation of the dictates of L.Civ.R. 56.1 in that it contains legal argument and conclusions of law." (Defs.' Resp. to Pl.'s CSUMF ¶ 3, ECF No. 45-3.) The Court disagrees with Defendants. Plaintiff has adequately raised an issue of factual dispute as Defendants have failed to cite to any affidavits or other documents pursuant to Local Civil Rule 56.1 in their response to Plaintiff's allegation. Defendants were in position to submit the relevant policy to demonstrate the lack of a factual dispute, but have failed to do so.

[3] Local Civil Rule 56.1(a) permits a nonmoving party on summary judgment to provide "a supplemental statement of *disputed* material facts." (Emphasis added). Here, in addition

5. On March 17, 2011, Plaintiff was let out of his assigned cell by Defendant McDonough for the purpose of taking a daily allotted shower. (Pl.'s CSUMF ¶ 8; Defs.' Resp. to Pl.'s CSUMF ¶ 8.)

6. On March 17, 2011, Plaintiff went into the shower with a mirror so that he could see down the tier in the direction of his cell. (Pl.s' SUMF ¶ 8-9; Def.'s Resp. to Pl.'s CSUMF ¶ 8-9.)

7. While looking in the mirror, Plaintiff observed inmate Johnson exit a cell in the middle of the tier.[4] (Pl.s' SUMF ¶ 10; Defs.' Resp. to Pl.'s CSUMF ¶ 10.)

8. Inmate Johnson then came to the front of the tier and spoke to a correctional officer. (Pl.'s CSUMF ¶ 11; Defs.' Resp. to Pl.'s CSUMF 11.)

---

responding to Defendants' SUMF, Plaintiff has filed a Counter-Statement of *Undisputed* Material Facts ("CSUMF"). (ECF No. 18-11.) In deciding this Motion, the Court adopts the approach taken in *Mehr v. Atlantic City*:

> [T]he Local Rules do not contemplate a nonmoving party furnishing its own statement of undisputed material facts. Indeed, aside from not being contemplated by the local civil rules, such a document is not necessary to defeat summary judgment, as Plaintiff[] must only show that some material fact is in dispute, and need not affirmatively prove their case at this point. However, as Defendants have fully responded to this "Counterstatement," and the Counterstatement helpfully cites to portions of the record, the Court sees no reason not to rely on the contents therein.

No. 12-4499, 2014 WL 4350546, at *3 n.3 (D.N.J. Sept. 2, 2014).

[4] As Defendants fail to state which portions of Plaintiff's allegation are in dispute and the reasons for the dispute, the Court deems Plaintiff's CSUMF ¶ 10 undisputed pursuant to Local Civil Rule 56.1.

9. At some point during his shower, Plaintiff forced open the locked door to the shower.[5] (Defs.' SUMF ¶¶ 37-42.)

10. Plaintiff and inmate Johnson were involved in an altercation on March 17, 2011. (*Id.* ¶¶ 37-39.)

11. Plaintiff was not acting in self-defense when he and inmate Johnson were involved in the March 17, 2011 altercation.[6]

12. Once the altercation began, prison officials arrived, and separated and handcuffed the inmates. (*Id.* ¶ 37.)

13. After the altercation, Plaintiff was charged with three disciplinary charges: (1) *.154—Tampering with or Blocking a Locking Device; (2) *.004—Fighting with Another Person; and (3) *.306—Conduct Which Disrupts or Interferes with the Security of the Prison. (*Id.* ¶¶ 30-45.)

14. When Plaintiff appealed the disciplinary charges, the Assistant Superintendent, William J. Anderson, upheld the disciplinary charges (*id.* ¶ 46), reasoning:

> My review of the charge, it's [sic] adjudication, and your explanation found that the charge and its adjudication process complied with 10A as it relates to Inmate Discipline and the

---

[5] Following the incident, on March 18, 2011, Plaintiff was charged with *.154, Tampering with or Blocking a Locking Device, based on allegations that Plaintiff forced open the locked shower door on March 17, 2011. (Defs.' SUMF ¶ 41.) Specifically, the disciplinary report states: "After being locked in the shower I/M Miller 13659 began pulling on the shower door. I/M Miller was able to open the shower door and step out onto the tier. I/M Miller began fighting with I/M Johnson 476455 and a code 33 was called. Both inmates were separated and escorted off the unit by responding officers." (Defs.' Ex. D, at 1, ECF No. 40-5.) In accordance with *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court is precluded from finding that a correctional officer opened the shower door. *See infra* Part III.B.

[6] In accordance with *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court is precluded from finding that Plaintiff was acting in self-defense when Johnson attacked Plaintiff unprovoked. *See infra* Part III.B.

safegards [sic] therein. While there may have been a violation of the policys [sic] on the part of staff[,] this in no way negates your responsibility to observe the rules for your self [sic]. The decsion [sic] of the hearing Officer is upheld.

(Defs.' Ex. D, at 8-10.)[7]

15. Plaintiff was taken to the infirmary due to the injuries sustained as a result of the altercation.[8] (Pl.'s CSUMF ¶ 19; Defs.' Resp. to Pl.'s CSUMF ¶ 19.)

**B.   Disputed Facts**

1. Whether Plaintiff filed inmate remedy forms ("IRFs") on February 10, 12, 19, and 23, 2011, regarding his property being destroyed and mutilated while he was out of his assigned cell.[9]

2. Whether Plaintiff headed to his cell after his shower and whether inmate Johnson asked Plaintiff why Plaintiff was submitting remedy forms about him.[10] (Pl.'s CSUMF ¶ 14; Defs.' Resp. to Pl.'s CSUMF ¶ 14.)

---

[7] As Exhibit D does not contain continuous pagination, the Court cites to the eighth through tenth pages of the exhibit.

[8] In denying Plaintiff's allegation, Defendants cite Plaintiff's Exhibit R. Plaintiff's Exhibit R, however, supports Plaintiff's allegation because it states that Plaintiff was complaining of injuries resulting from the altercation and the report categorizes Plaintiff's visit to the infirmary as "post code 33." (Pl.'s Ex. R, ECF No. 44-2.)

[9] Defendants state that they have no record of any of these purported IRFs. (Defs.' Resp. to Pl.'s CSUMF ¶¶ 6-7.) Plaintiff alleges that he filed IRFs on February 10, 12, 19, and 23, 2011 and cites to his own affidavit stating that he filed the IRFs. (*See* Pl.'s CSUMF ¶¶ 6-7.) Plaintiff further included, as an exhibit, his correspondence to the prison, advising that he was waiting for a response to his IRFs. (Pl.'s Ex. I, ECF No. 44-2.) Accordingly, the Court finds that this issue of fact is disputed.

[10] Defendants argue that Plaintiff's allegation must be disregarded because the facts would imply the invalidity of the facts underlying Plaintiff's disciplinary charges pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). (Defs.' Resp. to Pl.'s CSUMF ¶ 14.) The Court, however, disagrees with the cursory analysis provided by Defendants and finds

5

3. Whether Defendants watched the altercation between Plaintiff and inmate Johnson without immediately intervening.[11] (Pl.'s CSUMF ¶ 16; Defs.' Resp. to Pl.'s CSUMF ¶ 16.)

4. Whether it was three minutes into the altercation until correctional staff entered the tier and placed Plaintiff in handcuffs.[12] (Pl.'s CSUMF ¶ 17; Defs.' Resp. to Pl.s' SUMF ¶ 17.)

5. Whether, as Plaintiff was being led off the tier, he was stopped by a correctional officer, who stated, using explicit language, that he did not care about law or about lawsuits.[13] (Pl.s' SUMF ¶ 18; Defs.' Resp. to Pl.'s CSUMF ¶ 18.)

## II. Legal Standard

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if

---

that a determination that Plaintiff's allegation is true would not invalidate the facts underlying Plaintiff's disciplinary charges.

[11] Additionally, Defendants argue that Plaintiff's allegation must be disregarded because the facts would imply the invalidity of the facts underlying Plaintiff's disciplinary charges pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). (Defs.' Resp. to Pl.'s CSUMF ¶ 16.) The Court, however, disagrees. The decision on Plaintiff's appeal on the disciplinary charges specifically states that there may have been improper conduct by the officers and that the charges were based solely on Plaintiff's alleged misconduct without regard to the actions by the officers or inmate Johnson. (Defs.' Ex. K, ECF No. 40-5.)

[12] Defendants respond to Plaintiff's CSUMF ¶ 17 stating "[o]bjection and denied," and by citing to affidavits by Defendants. (Defs.' Resp. to Pl.'s CSUMF ¶ 17.) As both parties merely cite to their own self-serving affidavits, the Court finds that Defendants have failed to establish that their version of the allegation is undisputed.

[13] Defendants respond in conclusory fashion and fail to adequately respond pursuant to Local Civil Rule 56.1.

the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250).

In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Anderson*, 447 U.S. at 250. If the non-moving party fails to:

> make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . . there can be "no genuine [dispute] of material fact," [because] a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial.

*Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

Although Defendants initially argued that Plaintiff failed to exhaust his administrative remedies,[14] Plaintiff subsequently submitted evidence to the contrary[15] and Defendants conceded.[16] The Court, accordingly, finds that Plaintiff exhausted his administrative remedies.

---

[14] (Defs.' Moving Br. 11-15, ECF No. 40-1.)

[15] (Pl.'s Ex. A, ECF No. 44-2.)

[16] (Defs.' Reply Br. 1 n.1, ECF No. 45 ("Based on the document produced by Plaintiff, it appears that he did exhaust.").)

7

### B. Failure-to-Protect Claim

For a convicted prisoner to state a failure-to-protect claim, he must show that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm[;] (2) the official was deliberately indifferent to that substantial risk to his health and safety[;] and (3) the official's deliberate indifference caused him harm." *Aruanno v. Johnson*, No. 16-4259, 2017 WL 1078538, at *2 (3d Cir. Mar. 22, 2017) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)). Here, Defendants argue that "Plaintiff has failed to establish that he was incarcerated under conditions posing a substantial risk of serious harm." (Defs.' Moving Br. 17.) Specifically, Defendants argue that Plaintiff is precluded from alleging that Defendants intentionally let Plaintiff out of the shower or that inmate Johnson, unprovoked by Plaintiff, attacked Plaintiff first. (Defs.' Reply Br. 4-5, ECF No. 45.)

In accordance with *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Heck v. Humphrey*, 512 U.S. 477 (1994), a "[Section] 1983 plaintiff cannot seek damages for harm caused by actions the unlawfulness of which would necessarily render the fact or length of his confinement invalid, unless he can prove that the . . . disciplinary sanction that resulted from those actions has been reversed, invalidated, or called into question by a grant of federal habeas corpus." *Torres v. Fauver*, 292 F.3d 141, 143 (3d Cir. 2002) (citations omitted). "[I]n determining whether the evidence supports Defendants' argument [regarding an alleged Eighth Amendment violation], the Court[, therefore,] may not consider any evidence presented by Plaintiff that would be inconsistent with [a] prison disciplinary decision against him . . . ." *Jenkins v. Hayman*, No. 09-4989, 2013 WL 3201326, at *10 (D.N.J. June 24, 2013).

Here, Plaintiff's claim is based on three purported facts: (1) that Defendants intentionally permitted Plaintiff to be on the tier at the same time as inmate Johnson; (2) that inmate Johnson

8

attacked Plaintiff unprovoked; and (3) that "[w]hile [P]laintiff was being attacked[,] both [D]efendants . . . were watching."[17] The first two facts are inconsistent with the disciplinary charges Plaintiff received, but the third allegation permits Plaintiff's failure-to-protect claim to survive summary judgment.

With respect to Plaintiff's allegation that Defendants intentionally permitted Plaintiff onto the tier while inmate Johnson was outside of his cell, the Court is precluded from considering Plaintiff's allegation because it would invalidate disciplinary charge *.154—Tampering with or Blocking a Locking Device. As outlined by the Appellate Division on appeal, "[t]he *.154 charge was based on evidence that [Plaintiff] forced his way out of the locked shower." *Miller v. N.J. Dep't of Corr.*, No. A-5110-10T3, 2012 WL 3205548, at *1 (N.J. Super. Ct. App. Div. Aug. 9, 2012). Accordingly, the Court finds that Plaintiff forced his way out of the locked shower.

Similarly, with respect to Plaintiff's allegation that inmate Johnson attacked Plaintiff unprovoked, disciplinary charges *.004—Fighting with Another Person—and *.306—Conduct Which Disrupts or Interferes with the Security of the Prison—were based on evidence that Plaintiff was not acting in self-defense. *Id.* at *2. As set forth by the Appellate Division on appeal, Plaintiff failed to establish the following conditions as it relates to the merits of his disciplinary charges:

1. [Plaintiff] was not the initial aggressor;

2. [Plaintiff] did not provoke the attacker;

3. The use of force was not by mutual agreement;

4. The use of force was used to defend against personal harm, not to defend property or honor;

5. [Plaintiff] had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff; and

---

[17] (Pl.'s CSUMF ¶ 16.)

> 6. Whether the force used by [Plaintiff] to respond to the attacker was reasonably necessary for self-defense and did not exceed the amount of force used against [Plaintiff].

*Id.* According to the Appellate Division, Plaintiff "offer[ed] no evidence to satisfy these requirements, other than his bare assertion that [inmate] Johnson 'swung at me and we began to fight.'" *Id.* The Appellate Division, therefore, concluded that the hearing officer properly found that Plaintiff failed to establish that he acted in self-defense and Plaintiff's conduct warranted the disciplinary charges. *Id.* The Court, accordingly, finds that Plaintiff was not acting in self-defense with respect to his altercation with inmate Johnson. *See, e.g., Giudice v. Cty. of Atl.*, No. 07-1143, 2008 WL 4934040, at *4 (D.N.J. Nov. 13, 2008) (finding that "the court cannot consider [the] [p]laintiff's claim that the attack on him was completely unprovoked because this claim [was] inconsistent with the disciplinary finding that [the] [p]laintiff was guilty of attempt to assault").

Finally, as it relates to Plaintiff's allegation that Defendants failed to intervene in the altercation, the Court finds that Defendants have failed to establish an entitlement to judgment as a matter of law. Plaintiff alleges that the altercation continued for three minutes until correctional officers intervened, and that Defendants failed to intervene during the three-minute period. (Pl.'s CSUMF ¶¶ 16-17.)

Viewing the facts in the light most favorable to the nonmoving party, the Court, therefore, considers whether Defendants have adequately established nonliability under the Eighth Amendment where Defendants waited three minutes, until a Code 33 was called and assistance arrived, before intervening. To determine whether delayed intervention rises to an Eighth Amendment violation—i.e., whether the prison officials acted reasonably—the Court undertakes fact sensitive inquiries that include, for example: (1) whether, how, and for how long Defendants attempted to intervene verbally; (2) if Defendants attempted to intervene verbally, how often in

Defendants' experience verbal intervention is sufficient to "break up" an altercation; and (3) the number of guards needed to intervene in an altercation between two inmates. *See Bistrian v. Levi*, 696 F.3d 352, 372 (3d Cir. 2012). Here, Defendants did not adequately establish that Defendants acted reasonably under the circumstances.

Defendants' primary argument concerning the reasonableness of Defendants' conduct is that they acted in accordance with the prison's Internal Management Procedure. (Defs.' Moving Br. 2, 18.) Defendants, however, never provided the Court with the Internal Management Procedure, thus precluding the Court from assessing whether Defendants acted in accordance with the Procedure. Moreover, Defendants' SUMF and Supplemental Response to Plaintiff's CSUMF fail to address the reasonableness of Defendants' conduct. Furthermore, even if the Court were to consider allegations beyond Defendants' Rule 56.1 statements, the Court finds that Defendants' exhibits do not adequately address these inquiries.[18] Although Plaintiff is precluded from asserting certain factual allegations as explained above, Defendants have nevertheless failed to establish entitlement to judgment as a matter of law with respect to their alleged failure to intervene in the altercation between Plaintiff and inmate Johnson.

---

[18] The only relevant allegations the Court was able to identify are Defendant Fraley's allegations in his Declaration that: he "ordered inmate Johnson to return to his cell and cease the conversation [with Plaintiff]"; once the altercation between Plaintiff and inmate Johnson began, he "ordered for them to separate and stop fighting"; and "[u]nder internal management procedure, [he] was not permitted to personally break up the fight until a response team arrived on the unit." (Defs.' Ex. N ¶¶ 6, 7, 9.) Defendant Fraley's Declaration, however, failed to address most of the inquiries set forth by the Third Circuit in *Bistrian* or any other relevant issues concerning the reasonableness of Defendants' conduct. Moreover, Defendants never provided the Internal Management Procedure and Defendant Fraley admits to never having called the Code 33 for assistance, and rather that someone else called in the Code 33. (*Id.* ¶¶ 8, 9.)

## C. Retaliation Claim

"In order to establish illegal retaliation for engaging in protected conduct, [Plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). With respect to Plaintiff's retaliation claim, Defendants argue that Plaintiff has failed to establish an "adverse action" because Plaintiff has failed to establish a viable failure-to-protect claim. (Defs.' Moving Br. 21-23.) For the reasons set forth in the above discussion of Plaintiff's failure-to-protect claim, the Court disagrees.

Defendants further argue that Plaintiff has failed to demonstrate a causal connection between the protected activity and the adverse action. (*Id.* at 22.) "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Here, the relevant issue is whether there was an unusually suggestive temporal proximity between Plaintiff's IRFs and Defendants' alleged failure to protect Plaintiff. According to Plaintiff, he submitted IRFs on February 10, 12, 19, and 23, 2011, because his property was destroyed while he was outside of his cell. (Pl.'s CSUMF ¶ 6; *see also* Pl.'s Ex. E, H, I (documentation suggesting that Plaintiff may have submitted IRFs as alleged).) The alleged adverse action took place on March 17, 2011, just a few weeks after his latest IRF. In light of Defendants' minimal analysis on this issue and the Court's review of the record, the Court finds that Defendants have not adequately established an entitlement to judgment as a matter of law with respect to Plaintiff's retaliation claim.

### D. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because Plaintiff purportedly failed to demonstrate a violation of a clearly established constitutional right. (Defs.' Moving Br. 25-28.) The Court disagrees. Prison officials' failure to intervene in an altercation between inmates "is a paradigmatic example of a failure to protect claim, and in no way requires an extension or expansion of the case law to be established." *Farmer v. Lanigan*, No. 12-5716, 2016 WL 4107693, at *5 (D.N.J. Aug. 1, 2016) (citing *Bistrian*, 696 F.3d at 371). Accordingly, based on the parties' submissions, Defendants are not entitled to qualified immunity.

### E. State Tort Claims

The New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:8-3, provides that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." The NJTCA further requires that "[a] claim relating to a cause of action for . . . damage to [a] person . . . shall be presented . . . not later than the 90th day after accrual of the cause of action." N.J.S.A. 59:8-8. Here, Plaintiff concedes that he failed to present a timely notice of claim,[19] and states that his claims, therefore, are based on his federal cause of action under Section 1983. (*See* Pl.'s Opp'n Br. 10.) Accordingly, the Court grants summary judgment in favor of Defendants with respect to Plaintiff's tort claims under state law.

### F. Punitive Damages

The final issue that Defendants raise is a request that the Court should grant summary judgment with respect to Plaintiff's claims for punitive damages because "Defendants Fraley and

---

[19] Plaintiff states: "Plaintiff does not dispute the [D]efendants['] claim that he did not file a tort claim in the state courts." (Pl.'s Opp'n Br. 10.)

McDonough acted reasonably and within the boundaries of protocol for inmate-on-inmate violence." (Defs.' Moving Br. 37.) For the reasons set forth above with respect to the Court's denial of Defendants' Motion as it relates to Plaintiff's failure-to-protect claim, the Court denies Defendants' Motion on the issue of punitive damages.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED with respect to allegations that Defendants opened the shower door and that Plaintiff was acting in self-defense when inmate Johnson attacked Plaintiff unprovoked; DENIED with respect to Plaintiff's failure-to-protect claim arising from Defendants' failure to intervene in the altercation between Plaintiff and inmate Johnson; DENIED with respect to Plaintiff's retaliation claim; GRANTED with respect to Plaintiff's tort claims under state law; and DENIED with respect to the issue of punitive damages. An order consistent with this Memorandum Opinion will be entered.

Dated: August 9th, 2017

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE