NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIONELL G. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>GARY M. LANIGAN, et al.,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 12-4470 (AET-LHG)<br><br>**OPINION**<br>**\*REDACTED\*** |

**THOMPSON, District Judge:**

This matter comes before the Court on Defendants' R. Fraley and Francis McDonough Motion for Summary Judgment. (ECF No. 68). Plaintiff Lionell Miller opposes the motion. (ECF No. 74). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion is granted in part.[1]

## BACKGROUND

Plaintiff alleges Defendants failed to protect him by intervening during an altercation he had with another inmate at New Jersey State Prison ("NJSP") on March 17, 2011. The undisputed facts are as follows: Plaintiff was incarcerated in NJSP's West Compound in 7-Wing (Left), Tier 1, cell number 18 on March 17, 2011. (Plaintiff's Redacted Response to Defendants' Statement of Material Facts, ECF No. 76-1 ¶¶ 1, 4). Defendants were assigned to Plaintiff's tier

---

[1] An unredacted version of this Opinion has been filed under seal.

as unit officers on March 17, 2011. (*Id.* ¶ 3). 7-Wing is an administrative segregation unit where each cell is a single-occupancy cell. (*Id.* ¶¶ 5-6). On March 17, 2011, Plaintiff was let out of his assigned cell by Defendant McDonough for the purpose of taking a shower. (*Id.* ¶ 9). The shower procedure consists of the officer manning the control panel remotely letting the inmate out of his cell. (*Id.* ¶ 7). "The inmate then walks from their cell to the shower and is locked in until they are finished." (*Id.* ¶ 8). Plaintiff took a mirror with him to the shower on March 17, 2011 because he believed someone was entering his cell and damaging his property when he left. (*Id.* ¶ 10). The mirror permitted him to look down the tier towards his cell. (*Id.* ¶ 11).

While Plaintiff was showering, he saw the inmate tier runner,[2] Johnson, enter a cell. (*Id.* ¶ 12). "At some point during his shower, Plaintiff forced open the locked door to the shower." *Miller v. Fraley*, No. 12-4470, 2017 WL 3429343, at *2 (D.N.J. Aug. 9, 2017);[3] (ECF No. 46). Plaintiff walked towards his cell, passing in front of Johnson's cell, whereupon Johnson asked Plaintiff why he would submit remedy forms about him. (ECF No. 76-1 ¶¶ 14-15). Plaintiff stated that he did not know what Johnson was talking about, and Johnson said "'he wanted to get something off his chest . . . .'" (*Id.* ¶¶ 16-17). Johnson exited the cell and a physical altercation ensued. (*Id.* ¶ 17). "Plaintiff was not acting in self-defense when he and inmate Johnson were

---

[2] A "tier runner" is an inmate whose job it is to perform clean-up duties on the unit. (ECF No. 76-1 ¶ 24).

[3] "Following the incident, on March 18, 2011, Plaintiff was charged with *.154, Tampering with or Blocking a Locking Device, based on allegations that Plaintiff forced open the locked shower door on March 17, 2011. Specifically, the disciplinary report states: 'After being locked in the shower I/M Miller 13659 began pulling on the shower door. I/M Miller was able to open the shower door and step out onto the tier. I/M Miller began fighting with I/M Johnson 476455 and a code 33 was called. Both inmates were separated and escorted off the unit by responding officers.' In accordance with *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court is precluded from finding that a correctional officer opened the shower door." *Miller*, 2017 WL 3429343, at *2 n.5.

2

involved in the March 17, 2011 altercation." *Miller*, 2017 WL 3429343, at *2.[4] At his deposition, Plaintiff testified that Johnson "'grabbed me, I had on shower shoes, he grabbed me, held me on the bars, he kneed me.'" (ECF No. 76-1 ¶ 19). Plaintiff was hit in the head, face, and stomach an unknown number of times. (*Id.* ¶¶ 20-21). Plaintiff never lost consciousness and did not suffer any cuts or bleeding. (*Id.* ¶¶ 28-29). Plaintiff sustained a back injury that he later told medical staff occurred when he hit his lower back on the metal bars. (*Id.* ¶ 30). Defendant Fraley watched the fight unfold. (*Id.* ¶ 36).

After a few minutes,[5] a team of officers intervened to stop the fight. (*Id.* ¶ 22). Plaintiff was being held upright against the bars when the response team arrived. (*Id.* ¶ 23). The response team pepper-sprayed Plaintiff and wrestled him to the ground. (*Id.* ¶ 24). Both Plaintiff and Johnson were charged with fighting and disrupting the orderly operation of the facility. (*Id.* ¶ 25). Plaintiff was charged with tampering with the shower lock in addition to those two charges. (*Id.* ¶ 26). He was found guilty of all three charges. (*Id.* ¶ 27).

Plaintiff filed a pro se complaint on July 18, 2012, (ECF No. 1), and an amended complaint on June 6, 2013, (ECF No. 7). The Honorable Michael A. Shipp, D.N.J.,[6] permitted the amended complaint to proceed on Plaintiff's failure to protect, assault and battery, and retaliation claims against Defendants Fraley and McDonough. (ECF No. 12). On February 3, 2017, Defendants moved for summary judgment. (ECF No. 40). Judge Shipp found that "Plaintiff's [failure to protect] claim is based on three purported facts: (1) that Defendants intentionally permitted Plaintiff to be on the tier at the same time as inmate Johnson; (2) that

---

[4] "In accordance with *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court is precluded from finding that Plaintiff was acting in self-defense when Johnson attacked Plaintiff unprovoked." *Miller*, 2017 WL 3429343, at *2 n.6.
[5] The precise amount of time it took the team of officers to intervene is disputed.
[6] The matter was reassigned to the undersigned on February 27, 2018. (ECF No. 63).

3

inmate Johnson attacked Plaintiff unprovoked; and (3) that [w]hile [P]laintiff was being attacked[,] both [D]efendants . . . were watching.'" *Miller*, 2017 WL 3429343, at *5 (first alteration added)(omissions in original). Judge Shipp granted summary judgment on the assault and battery claim and on the allegations that Defendants opened the shower door and that Plaintiff was acting in self-defense when Johnson attacked Plaintiff unprovoked. *Id.* at *7. Judge Shipp denied summary judgment on the retaliation claim and on the failure to protect claim insofar as it was based on Defendants' failure to intervene in the altercation between Plaintiff and Johnson because Defendants did not produce copies of the relevant internal policies. *Id.*

Pro bono counsel was appointed for Plaintiff. (ECF No. 53).[7] Limited discovery ensued with copies of the relevant prison policies exchanged pursuant to a confidentiality order. (ECF No. 61). Defendants have now moved for summary judgment on the remaining claims, failure to protect and retaliation, relying on the internal prison policies. The matter is now ripe for disposition. Fed. R. Civ. P. 78(b).

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.' In making that determination, a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The

---

[7] The Court expresses appreciation to Plaintiff's counsel for accepting this pro bono appointment and performing within the highest traditions of the bar.

4

Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

### A. Failure to Protect

Defendants again move for summary judgment on Plaintiff's failure to protect claim based on their adherence to NJSP's Internal Management Procedure dealing with Code 33s. In other words, Defendants argue their actions were reasonable because they followed the prison's policy in managing inmate conflict. Judge Shipp previously denied summary judgment to Defendants on this basis because they had not produced the relevant Internal Management Procedures. *Miller*, 2017 WL 3429343, at *6. Despite having been given another opportunity to present this issue to the Court, Defendants have again failed to establish the reasonableness of their conduct as a matter of law.[8]

In denying the prior summary judgment motion, Judge Shipp noted a fact-sensitive inquiry was necessary to determine whether prison officials acted reasonably for purposes of a failure to protect claim: "for example; (1) whether, how, and for how long Defendants attempted to intervene verbally; (2) if Defendants attempted to intervene verbally, how often in Defendants' experience verbal intervention is sufficient to 'break up' an altercation; and (3) the

---

[8] Plaintiff seeks to focus the Court's attention on Defendants' actions leading up the fight, arguing that putting Plaintiff into a shower with a faulty lock ultimately caused Plaintiff's injuries because Johnson would not have had access to Plaintiff had the shower lock been operational. Judge Shipp ruled in the prior summary judgment motion that "[w]ith respect to Plaintiff's allegation that Defendants intentionally permitted Plaintiff onto the tier while inmate Johnson was outside of his cell, the Court is precluded from considering Plaintiff's allegation because it would invalidate disciplinary charge *. 154—Tampering with or Blocking a Locking Device." *Miller*, 2017 WL 3429343, at *5. The Court is bound by the law of the case doctrine in this respect.

5

number of guards needed to intervene in an altercation between two inmates." *Id.* (citing *Bistrian v. Levi*, 696 F.3d 352, 372 (3d Cir. 2012)). Defendant Fraley's declaration is the same one previously submitted and again "fail[s] to address most of the inquiries set forth by the Third Circuit in *Bistrian* or any other relevant issues concerning the reasonability of Defendants' conduct." *Id.* at *6 n.18. Defendant Fraley's assertion that he was "not permitted to personally break up the fight until a response team arrived on the unit" 

(ECF No. 69-3 at 59).

████████████████████████████████████████████
████████████████████████████████████.[9]

Although it is uncontested that Defendant Fraley attempted to intervene verbally, it is disputed how long Plaintiff and Johnson fought before Sgt. Stout signaled for the Code 33.[10] It is also disputed how long it took the response team to arrive at the scene. ████████████
████████████████████████████████████████████████████████████████████
██████████████████████, it is a question for the jury whether Defendant Fraley acted reasonably.

It is also a contested factual issue whether Defendant McDonough had an opportunity to intervene. Defendant McDonough certified that he was on a break during the fight and did not return until it was over. (ECF No. 68-3 at 14 ¶¶ 3-4). Plaintiff testified during his deposition that he saw Defendant McDonough at the Officers' station watching the fight. (ECF No. 68-3 at 24, 22:4-6). This is consistent with his declaration in response to Defendants' First Motion for Summary Judgment in which he stated that both Defendants were watching the fight from outside the gate on one tier. (ECF No. 44-2 at 8 ¶ 12). This is sufficient to create a factual issue for the jury to decide. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment.").

For the above stated reasons, the Court will deny summary judgment on the failure to protect claim.

---

[9] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[10] Defendant Fraley admits he did not personally signal the Code 33. (ECF No. 68-3 at 11 ¶ 8).

## B. Retaliation

"In order to establish illegal retaliation for engaging in protected conduct, [Plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Plaintiff alleged in his amended complaint that Defendants retaliated against him because of a prior lawsuit filed in this district. (ECF No. 7 ¶¶ 1-9). Defendants argue that Plaintiff has failed to establish an "adverse action" because Plaintiff has failed to establish a viable failure-to-protect claim and has no proof to refute Defendants' statements that they were unaware of his previous lawsuit. (ECF No. 69-1 at 28).

Defendants have certified they had no knowledge of any prior lawsuit by Plaintiff on March 17, 2011. (ECF No. 68-3 at 12 ¶ 13; 15 ¶ 6). Plaintiff has not addressed the retaliation claim in his opposition nor provided any evidence to contradict these assertions. (*See generally* ECF No. 76). The Court will therefore grant the summary judgment motion on the retaliation claim because Plaintiff cannot prove his constitutionally protected conduct was a substantial or motivating factor in the alleged failure to protect.

## C. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because Plaintiff purportedly failed to demonstrate a violation of a clearly established constitutional right. As Judge Shipp noted, "[p]rison officials' failure to intervene in an altercation between inmates 'is a paradigmatic example of a failure to protect claim, and in no way requires an extension or expansion of the case law to be established.'" *Miller*, 2017 WL 3429343, at *7 (quoting *Farmer*

8

*v. Lanigan*, No. 12–5716, 2016 WL 4107693, at *5 (D.N.J. Aug. 1, 2016)). *See also Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012). Defendants are not entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, summary judgment is granted on the retaliation claim and denied on the failure to protect claim. An accompanying Order will be entered.

2/6/19
Date

ANNE E. THOMPSON
U.S. District Judge