IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIONELL G. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>GARY M. LANIGAN, et al.,<br><br>Defendants. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 12-4470 (AET-LHG)<br><br>**OPINION** |

**THOMPSON, District Judge:**

This matter comes before the Court on Defendants' R. Fraley and Francis McDonough Motion for Reconsideration of the Court's February 6, 2019 Opinion and Order denying in part their Motion for Summary Judgment. (ECF No. 86). Plaintiff Lionell Miller opposes the motion. (ECF No. 93). The Court has issued the opinion below based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the motion for reconsideration is granted on Defendants' qualified immunity argument. However, the Court reaches the same decision as before and denies qualified immunity.[1]

---

[1] An unredacted version of this Opinion is filed under seal. (ECF No. 94).

## BACKGROUND

As the parties are familiar with the facts of the case, the Court relies on its statement of the factual and procedural background of this matter set forth in its February 6, 2019 Opinion, (ECF No. 82), reciting only the information necessary to resolve the motion for reconsideration.

Defendants first moved for summary judgment on Plaintiff's complaint on February 3, 2017. (ECF No. 40). The Honorable Michael A. Shipp, D.N.J.,[2] denied summary judgment on Plaintiff's retaliation claim and on his failure to protect claim insofar as it was based on Defendants' failure to intervene in the altercation between Plaintiff and Inmate Johnson at New Jersey State Prison ("NJSP") because Defendants did not produce copies of relevant internal policies. *Miller v. Fraley*, No. 12-4470, 2017 WL 3429343, at *7 (D.N.J. Aug. 9, 2017). Judge Shipp granted summary judgment to Defendants on Plaintiff's assault and battery claim. *Id.* He determined that Plaintiff was precluded from arguing that Defendants opened the shower door and that Plaintiff was acting in self-defense when Johnson attacked Plaintiff unprovoked as those facts were inconsistent with the disciplinary charges of which Plaintiff was convicted. *Id.* at *5.

Pro bono counsel was appointed for Plaintiff, and limited discovery ensued with copies of the relevant prison policies exchanged pursuant to a confidentiality order. (ECF No. 61). Defendants moved for summary judgment on the remaining claims, failure to protect and retaliation, relying on the internal prison policies. In its February 6, 2019 Opinion, this Court found that Defendants had not shown they were entitled to judgment as a matter of law as factual questions regarding the reasonableness of their actions remained. (ECF No. 82). In particular, the Court pointed out that Defendants had once again not provided the relevant prison policies on summary judgment. (*Id.* at 5).

---

[2] The matter was reassigned to the undersigned on February 27, 2018. (ECF No. 63).

Defendants now move for reconsideration of that Order. They "fully acknowledge[] that the policies' absence was a gross oversight" and ask the Court to consider them now to prevent "manifest injustice." (ECF No. 86 at 3-4). They further argue the Court erred in denying qualified immunity and in overlooking Plaintiff's waiver of certain claims. Plaintiff objects to the motion for reconsideration. (ECF No. 93). The matter is now ripe for disposition. Fed. R. Civ. P. 78(b).

## STANDARD OF REVIEW

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). But "[r]econsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## ANALYSIS

**A. Qualified Immunity**

The Court grants reconsideration on Defendants' qualified immunity argument but reaches the same conclusion as before.[3] As part of their motion, Defendants have submitted the internal management policies that were omitted from their two previous motions for summary judgment. They assert these policies ▌ make Defendant Fraley's actions per se reasonable under the circumstances. The Court's reconsideration does not extend to the consideration of information that was available to the parties at the time of the prior motion for summary judgment but was not submitted, especially after Judge Shipp denied the first motion for summary judgment in part because Defendants failed to produce the relevant polices. *Miller v. Fraley*, No. 12-4470, 2017 WL 3429343, at *6 (D.N.J. Aug. 9, 2017) ("Defendants, however, never provided the Court with the Internal Management Procedure, thus precluding the Court from assessing whether Defendants acted in accordance with the Procedure. . . . Defendants have nevertheless failed to establish entitlement to judgment as a matter of law with respect to their alleged failure to intervene in the altercation between Plaintiff and inmate Johnson."). *See also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers"). The Court cannot have "overlooked" evidence

---

[3] "The United States Court of Appeals for the Third Circuit guided that a litigant's motion for reconsideration should be deemed 'granted' when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits—rather than the mere procedural propriety or lack thereof—of that motion." *In re Telfair*, 745 F. Supp. 2d 536, 538 n.1 (D.N.J. 2010), *aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney*, 443 F. App'x 674 (3d Cir. 2011) (citing *Pena–Ruiz v. Solorzano*, 281 F. App'x 110, 111, n.1 (3d Cir. 2008)).

4

that was not provided to it. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) ("[A] moving party's effort to expand the reargument to include matters that were not presented before the court in the original motion, but that are submitted after the motion has been decided have been rejected.").

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (internal citation and quotation marks omitted). Qualified immunity is an affirmative defense, and the burden of pleading it rests with the defendant. *See Thomas v. Independence Twp.*, 463 F.3d 285, 292 (3d Cir. 2006) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). The first prong of the analysis "asks whether the facts, [t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]" *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (internal quotation marks and citations omitted) (alterations and omissions in original). "[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Id.* at 656. *See also Bistrian v. Levi*, 912 F.3d 79, 83 n.2 (3d Cir. 2018) ("In assessing an assertion of qualified immunity, we take the facts in the light most favorable to 'the party asserting the injury' . . . ." (quoting *Scott v. Harris*, 550 U.S. 372 (2007)). Viewing the facts in the light most favorable to Plaintiff, a reasonable factfinder could conclude Defendants failed to protect Plaintiff from being assaulted by Inmate Johnson.

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation marks omitted). "As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of

5

other prisoners.'" *Bistrian v. Levi*, 696 F.3d 352, 366–67 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 833). As noted by both Judge Shipp and this Court in each of the prior decisions denying summary judgment, whether the right to be protected from violence was violated is a fact-intensive inquiry. There are disputed issues of fact remaining, *e.g.*, how long it took for a Code 33 to be called, how long it took for the response team to arrive, and whether Defendant McDonough was watching the altercation from the Officers' Station. A reasonable juror crediting Plaintiff's testimony could find that Defendants stood by and watched as Plaintiff was assaulted by another inmate. This violates Plaintiff's constitutional rights. *See Haley v. Gross*, 86 F.3d 630, 642 (7th Cir. 1996) (noting that if officer "did witness an inmate assault, but failed to intervene, his actions would seemingly 'constitute a paradigm case of deliberate indifference.'").

Defendants argue the Internal Management Policies ███████████████████████ ███████████████████████████████████. They assert that policy in and of itself makes their actions reasonable. As noted *supra*, the Court cannot consider the newly submitted policies on a motion for reconsideration because they were not provided to the Court at the time of the original motion. Even if the Court were to consider the policies, there are still disputed facts about Defendants' actions. First, Internal Management Procedure NJSP.CUS.302.01 governing Restrictive Housing Activity Center Escort Officers has an effective date of September 2016. (ECF No. 87-1 at 8). The Court has no way to know if this accurately reflects the policy that was in place at the time of Plaintiff's injuries in March 2011.[4] Even if this policy is the same, there are discrepancies between the stated policy and Defendant Fraley's actions. For example, the policy emphatically states that "███████████████████████

---

[4] The effective date of the policy governing General Population Housing Officers is September 20, 2010. (ECF No. 87-1 at 2). Plaintiff was not housed in General Population at the time of the incident.

6

█████████████████████████████████████████
█████████████████████████████████████████"
(*Id.* (emphasis in original)). It further states that officers

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

(ECF No. 87-1 at 12). Defendant Fraley attempted to intervene verbally, but he admits he did not personally signal the Code 33. (ECF No. 68-3 at 11 ¶ 8). The length of time Plaintiff and Johnson fought before Sgt. Stout signaled for the Code 33 is disputed. A juror could determine that Defendant Fraley's actions were unreasonable because he failed to follow the policy by not ████████████████████████████████████. Although the policy requires ████████████████████████████████ Lt. Ptaszenski certified that █████████████████████████████████ ██████████████████████. He also █████████████████████ ████████" (ECF No. 69-3 at 19 ¶ 9), ████████████ (ECF No. 69-3 at 13 (emphasis added)). This seems to indicate a distinction between Lt. Ptaszenski's interpretation of the policy and official NJSP policy. In short, there are too many unresolved factual questions for this Court to find in Defendants' favor as a matter of law.

"The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." *Tolan*, 572 U.S. at 656 (internal citation and quotation marks omitted). The Supreme Court has held that a right is clearly established when the right is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor*, 135 S. Ct. at 2044 (internal citation and quotation

marks omitted). There does not need to be "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks omitted); *see also Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016), *as amended* (Mar. 21, 2016) (citing *Taylor* for proposition that "a 'robust consensus of cases of persuasive authority' in the Court of Appeals could clearly establish a right for purposes of qualified immunity"). "Although qualified immunity is a question of law determined by the Court, when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." *Monteiro v. City of Elizabeth*, 436 F.3d 397, 405 (3d Cir. 2006).

Resolving all factual questions in Plaintiff's favor, the clearly established right is for a prisoner not to have prison officials stand by and watch him be assaulted by another inmate. This right has been established by the federal courts since at least *Farmer v. Brennan*, 511 U.S. 825 (1994). "There is no doubt that jail officials have a duty to protect detainees 'from violence at the hand of other inmates.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). *See also Haley v. Gross*, 86 F.3d 630, 646, (7th Cir. 1996) ("The defendants admitted during trial that they knew they had a duty to protect inmates from other inmates. They could not have reasonably believed that their indifference to Haley's pleas for help was lawful."); *Rand v. New Jersey*, No. 12-2137 FLW, 2015 WL 1116310, at *16 (D.N.J. Mar. 11, 2015) ("[T]here is no question that the Plaintiff's constitutional right to not to be physically assaulted while incarcerated was clearly established . . . ."). In the circumstances most favorable to Plaintiff, a reasonable officer would clearly have known that delaying assistance and watching while Plaintiff was actively being assaulted violated Plaintiff's constitutional rights by showing deliberate indifference to his plight.

The Court has identified several factual questions remaining. Because resolution of these issues implicates "disputes over facts that might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), summary judgment on qualified immunity grounds is not appropriate at this time. *See Fair v. Holley*, No. 91 C 0988, 1993 WL 147548, at *2 (N.D. Ill. May 4, 1993) (denying qualified immunity on summary judgment when there was a "factual dispute as to whether defendant . . . called for backup assistance in a timely manner.").

**B. Waiver**

Defendants also argue the Court erred when it failed to consider that Plaintiff waived certain arguments. The Court declines to reconsider this argument. Plaintiff's statement of facts provides Plaintiff's position on the altercation responses of Defendants in a manner to preserve the argument for summary judgment purposes. Defendants simply disagree with the Court's prior Opinion, which is not fertile ground for reconsideration. *See Qureshi v. AG United States*, 677 F. App'x 757, 763 (3d Cir. 2017) ("A motion to reconsider must be based on errors of fact or law; mere disagreement with the outcome is not sufficient.").

## CONCLUSION

For the reasons stated above, the motion for reconsideration is granted on the qualified immunity question. The Court again denies qualified immunity based on disputed issues of fact. The motion is otherwise denied. An accompanying Order will be entered.

10/1/2019
Date

ANNE E. THOMPSON
U.S. District Judge